UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.  08-17533-BKC-LMI |
| RENE PIEDRA AND ASSOCIATES, P.A., | Chapter 7 |
| Debtor.                              / | |
| BARRY E. MUKAMAL, Chapter 7 Trustee, | Adv. P. No. |
| Plaintiff, | |
| v. | |
| CHURCH OF SCIENTOLOGY OF KANSAS CITY, | |
| Defendant.                              / | |

## ADVERSARY COMPLAINT

Plaintiff, Chapter 7 Trustee, BARRY E. MUKAMAL (hereinafter, the "Trustee"), through undersigned counsel, sues Defendant, CHURCH OF SCIENTOLOGY OF KANSAS CITY (hereinafter, "CAS KC" or "Defendant") for avoidance and recovery of (i) fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, and pursuant to Rule 7001 of the *Federal Rules of Bankruptcy Procedure*, and in support thereof states:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, and pursuant to Rule 7001 of the *Federal Rules of Bankruptcy Procedure*.

2.      Rene Piedra, DMD and Associates, P.A. is the debtor in this case (hereinafter, the "Debtor").

3.      On June 5, 2008, the Debtor filed its voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code.

4.      On February 9, 2009, the Court converted the case to a Chapter 7.

5.      On March 26, 2009, the Court appointed the Trustee.

6.      Defendant is a not for profit corporation conducting business in Miami-Dade County.

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## GENERAL FACTUAL ALLEGATIONS

9.      Prior to its bankruptcy, the Debtor operated as a sedation dental practice in Coral Gables, Florida from 1998 through 2008.  Sedation dentistry involves the process of providing patients with sedative medications so that treatments can be conducted with minimal or no pain.

10.     From the years 1999 to 2001, the Debtor generated combined gross sales and collections of approximately $518,000.00.  Starting from 2002, however, the Debtor's total combined gross sales and collections began to increase exponentially.  From 2002 through 2008, the Debtor generated combined gross sales and collections of approximately $33.5 million.  In particular, for the years 2005 through 2008, the Debtor recorded approximately $25.1 million of gross sales on a cash basis.

11.     On information and belief, the Trustee avers that the increase in sales occurs at the same time the lead dentist and principal of the Debtor, Rene Piedra ("Piedra") became affiliated with the Church of Scientology ("CAS").

12. Specifically, Piedra implemented the teachings of CAS in his office, attended CAS meetings and seminars, hired CAS members for his dental practice, and orchestrated the transfer of large amounts of funds to the CAS.

13. On information and belief, the Trustee avers that the reason for the increase in sales was the Debtor's orchestration of a massive scheme to defraud patients for the purpose of transferring money to the CAS and CAS related entities, including the CAS KC. Specifically, as to Defendant, CAS KC, it is the Kansas City branch of the CAS.

14. On information and belief, the Trustee avers that the Debtor's fraudulent mode of operation was to perform an initial patient consultation during which a comprehensive treatment plan was prepared. The treatment plans were very detailed and costly. Patients would agree to the treatment plans on the same day, and then would be offered financial assistance via various financing companies. Financial applications were then completed by these patients. The Debtor would then be paid by the financing companies in advance of performing the dental work outlined in the treatment plans.

15. As part of the fraudulent scheme, the Debtor would overbill patients for services that were never provided, misdiagnose ailments, perform poor work, and not reimburse funds when necessary. In many of these cases, the Debtor would not perform any or all of the promised services thus depriving patients of the allotted funds advanced to the Debtor.

16. The above-described fraudulent scheme was for the sole purpose of transferring funds to CAS related entities such as the CAS KC. In fact, the objective of the Debtor was not to provide dental services, but to sign up patients to receive advanced funds to transfer to CAS KC.

17. CAS KC was directly involved in the day-to-day managing of the Debtor and its employees. By way of example, the Debtor hired certain members of the CAS KC such as Wendy L. Keene ("Keene") as "consultants" to assist in the transfer of money.

18. On information and belief, Keene, a high ranking official of the CAS KC wrote certain alleged "educational programs" for new employees based on the teachings of the CAS founder, L. Ron Hubbard. Keene would also allegedly arrange for advertising of the Debtor's practices and assist the patients in scheduling their appointments. All of these alleged activities, although performed under the guise of "business development," were, in actuality, for the purpose of placing CAS KC members into the Debtor's dental practice to facilitate the transfers of money to the CAS KC.

19. Within two years of the petition date, the Debtor transferred $39,166.87 to CAS KC. A detail of the disbursements is incorporated by reference herein, and attached as hereto "Exhibit A."

20. Within four years of the petition date, the Debtor transferred $148,844.62 to CAS KC. A detail of the disbursements is incorporated by reference herein, and attached as hereto "Exhibit B."

**COUNT I**
**Avoidance and Recovery of Fraudulent Transfers**
**Under 11 U.S.C. §§ 548(a)(1)(A) and 550(a)(1) against CAS KC**

21. The Trustee incorporates by reference and realleges Paragraphs 1 through 20 of this Complaint as is fully set forth herein.

22. 11 U.S.C. § 548(a)(1)(A) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or

involuntarily made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date such transfer was made or such obligation was incurred, indebted."

23. Within two (2) years of the Petition Date, the Debtor transferred $39,166.87 to Defendant, CAS KC (hereinafter, the "2 Year Transfers") or for the benefit of CAS KC. A detail of the disbursements to CAS KC or for the benefit of CAS KC is incorporated by reference herein and attached hereto as Exhibit "A."

24. The records of the Debtor do not reflect that the Debtor was ever obligated to CAS KC for any form of debt.

25. The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(A).

26. The 2 Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud any entity to which the Debtor was, or became, on or after the date the 2 Year Transfers were made or such obligation was incurred or indebted.

27. The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including CAS KC, through the corporate account. The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities such as CAS KC.

28. The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 548 and 550, the 2 Year Transfers to CAS KC are avoidable and the Trustee requests judgment in his favor

awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any such other relief this Court may deem just, equitable and proper.

## COUNT II
### Avoidance and Recovery of Fraudulent Transfers
### Under 11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1) against CAS KC

29.  The Trustee incorporates by reference and realleges Paragraphs 1 through 20 of this Complaint as is fully set forth herein.

30.  11 U.S.C. § 548(a)(1)(B)(i-ii) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily (i) received less than a reasonably equivalent value in exchange for such obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."

31.  Within two (2) years of the Petition Date, the Debtor made the 2 Year Transfers to CAS KC or for the benefit of CAS KC as set forth in Exhibit "A" attached hereto and incorporated herein.

32.  The records of the Debtor do not reflect that the Debtor was ever obligated to CAS KC for any form of debt.

33.  The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(B).

34.  The Debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for the 2 Year Transfers and the Debtor was insolvent on the dates that the 2 Year Transfers were made or such obligation was incurred, or became insolvent as a result of the 2 Year Transfers or obligation.

35. The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544, 548, 550 and 551, the 2 Year Transfers to CAS KC are avoidable and the Trustee therefore requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

### COUNT III
### Avoidance and Recovery of Fraudulent Transfer Under
### 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(a) against CAS KC

36. The Trustee incorporates by reference and realleges Paragraphs 1 through 20 of this Complaint as if fully set forth herein, and further asserts:

37. Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

38. Within four (4) years of the Petition Date, the Debtor transferred to CAS KC or for the benefit of the CAS KC $ 148,844.62 (hereinafter, the "4 Year Transfers"). A detail of the disbursements to CAS KC or for the benefit of the CAS KC is incorporated by reference herein and attached hereto as Exhibit "B."

39. The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including the CAS KC, through the corporate account. The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities, including CAS KC.

40. The records of the Debtor do not reflect that the Debtor was ever obligated to CAS KC for any form of debt.

41. The 4 Year Transfers were a transfer of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

42. Claims of creditors of the Debtor arose prior to and after the 4 Year Transfers being made by the Debtor to CAS KC or for the benefit of CAS KC.

43. The 4 Year Transfers were made with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

44. The Trustee is entitled to recover the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.105, Florida Statutes, the Trustee therefore requests judgment in his favor awarding him the recovery of the 4 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

**COUNT IV**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(b) against CAS KC**

45. The Trustee incorporates by reference and realleges Paragraphs 1 through 20 of this Complaint as if fully set forth herein, and further asserts:

46. Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(b) for a period of four (4) years prior to filing of the debtor's bankruptcy.

47. Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to CAS KC or for the benefit of CAS KC as set forth in Exhibit "B" attached hereto and incorporated herein.

48. The records of the Debtor do not reflect that the Debtor was ever obligated to CAS KC for any form of debt.

49. The 4 Year Transfers were a transfer of property of the Debtor, an interest in the property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

50. Claims of creditors of the Debtor arose prior to and after the date of the 4 Year Transfers made by the Debtor to CAS KC or for the benefit of the CAS KC.

51. The 4 Year Transfers were made without the Debtor having received reasonably equivalent value in exchange for the 4 Year Transfers, and the Debtor was:

    A. engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

    B. intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

52. The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550(A)(1), as well as §726.105(1)(b), Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and any other such relief which this Court deems just, equitable and proper.

**COUNT V**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.106 against CAS KC**

53.     The Trustee incorporates by reference and realleges Paragraphs 1 through 20 of this Complaint as if fully set forth herein, and further asserts:

54.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.106 for a period of four (4) years prior to filing of the debtor's bankruptcy.

55.     Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to CAS KC or for the benefit of CAS KC as set forth in Exhibit "B" attached hereto and incorporated herein.

56.     The 4 Year Transfers were a transfer of the property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four (4) years before the Petition Date.

57.     The records of the Debtor do not reflect that the Debtor was ever obligated to CAS KC for any form of debt.

58.     The Debtor received less than reasonably equivalent value in exchange for the 4 Year Transfers; and:

      C.     was insolvent on the date the 4 Year Transfers were made or became insolvent as a result of the 4 Year Transfers;

      D.     was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or

E.  intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

59. At the time of the 4 Year Transfers, the Debtor had creditors whose claims arose prior to the date of the 4 Year Transfers.

60. The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.106, Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and such other relief which this Court deems just, equitable and proper.

Respectfully Submitted,
GrayRobinson, PA
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone:  305-416-6880
Fax: 305-416-6887

By: /s/ Frank P. Terzo
    Frank P. Terzo, Esq.
    Fla. Bar No. 906263

\351000\5 - JKIM - # 273096 v1